# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES OFFNER, EXECUTOR TO | ) | |
| THE ESTATE OF DEANIE R. OFFNER, | ) | |
| DECEASED, | ) | 2:07-cv-343 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are cross-motions for summary judgment: PLAINTIFF'S

MOTION FOR SUMMARY JUDGMENT (Document No. 9) filed by Charles Offner, executor

to the estate of Deanie R. Offner, deceased ("Mrs. Offner"); and the UNITED STATES'

MOTION FOR SUMMARY JUDGMENT (Document No. 11). The motions have been

thoroughly briefed (Document Nos. 10, 11, 13) and are ripe for disposition.

<u>Factual and Procedural History</u>

The issue in this case is the proper federal estate tax treatment for bequests that were

"disclaimed" under Pennsylvania law. The relevant facts are undisputed. Mrs. Offner died on

November 7, 2002, leaving a Last Will and Testament dated October 5, 1999 ("Will") and

Codicil dated May 15, 2001. Prior to creating these documents, Mrs. Offner executed the Offner

Family Grandchildren Trust (the "Trust"), an irrevocable trust agreement for her grandchildrens'

maintenance, support, health and education, to be funded from the proceeds of the residuary

clause in her Will.

The Will instructed that $1,000,000 be given to Mrs. Offner's children in the following percentages: Charles Offner (45%), Dean Michael Offner (45%) and Linda Elaine Offner Fink (10%). The Will further provided: "Should any of my children predecease me, then his/her issue shall receive and share equally in his/her respective share of such property."

Within nine months of Mrs. Offner's death, Charles Offner and Dean Michael Offner each executed a disclaimer of $125,000, for a total of $250,000. It is Plaintiff's contention that the disclaimed money passed to the Trust pursuant to the residuary clause of the Will, such that it would be excluded from the gross taxable estate pursuant to 26 U.S.C. §§ 2051, 2055(a)(3). The Internal Revenue Service ("IRS") acknowledged the existence of the disclaimers but disallowed any deduction for the $250,000. As a result, Plaintiff paid an additional estate tax assessment and now seeks a refund of $62,770.

Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:

[Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In interpreting Rule 56(c), the United States Supreme Court has stated:

The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Celotex*, 477 U.S. at 323.

Legal Analysis

As Plaintiff points out, this matter requires the Court to construe Mrs. Offner's testamentary documents and interpret Pennsylvania's Probate, Estate & Fiduciaries code as to the effect of a disclaimer on the value of the gross taxable estate for purposes of the federal estate tax. The Court is mindful that "[t]he testator's intent is the polestar in the construction of every will and that intent, if it is not unlawful, must prevail." *In re Wilton*, 921 A.2d 509, 513 (Pa. Super. 2007) (citations omitted).

There is no dispute that the disclaimers were timely and valid. Pursuant to 20 Pa. C.S.A. § 6205(b): Unless a testator or donor has provided for another disposition, the disclaimer shall, for purposes of determining the rights of other parties, be equivalent to the disclaimant's having died before the decedent in the case of a devolution by will...." As applicable to this case, the $250,000 disclaimed by Charles and Dean Offner must be treated as if they had died before Mrs. Offner.

Mrs. Offner's Will clearly and explicitly addresses this scenario, by stating: "Should any of my children predecease me, then his/her issue shall receive and share equally in his/her

respective share of such property." Therefore, pursuant to the plain language of the Will, it was

Mrs. Offner's intent that the "issue" of Charles and Dean Offner, respectively, would receive and

share equally in the disclaimed funds. Accordingly, the residuary clause is not be triggered and

the disclaimed funds do not flow to the Trust.[1]

Plaintiff argues, in the alternative, that the disclaimed interests qualify for the generation-

skipping transfer tax and/or were transfers for educational purposes. These arguments are

unavailing because they are based on the faulty premise that the disclaimed interests funded the

Trust. As explained above, the disclaimed interests flowed from the estate to the issue of Charles

and Dean Offner. Plaintiff's motion for summary judgment will be denied and the motion for

summary judgment of the United States will be granted.

An appropriate order follows.

McVerry, J.

---

[1]The Court need not reach the IRS' alternative rationale that a trust for the education of decedent's grandchildren serves a private rather than a public purpose, although *Griffin v. United States*, 400 F.2d 612 (6th Cir. 1968), appears to be on-point.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES OFFNER, EXECUTOR TO )
THE ESTATE OF DEANIE R. OFFNER, )
DECEASED, )     2:07-cv-343
                  **Plaintiff,** )
      **v.** )
          )
UNITED STATES OF AMERICA, )
          )
           **Defendant.** )

## ORDER

AND NOW, this 11th day of February, 2008, in accordance with the foregoing

Memorandum Opinion, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Document

No. 9) is **DENIED**; and the UNITED STATES' MOTION FOR SUMMARY JUDGMENT

(Document No. 11) is **GRANTED**.  The clerk shall docket this case closed.


                                           BY THE COURT:

                                           s/  Terrence F. McVerry
                                           United States District Court Judge


cc:    Kenneth J. Polk, Esquire
       Email: polk_ken@hotmail.com

       Thomas J. Jaworski, Esquire
       U.S. Department of Justice
       Email: Thomas.J.Jaworski2@usdoj.gov